

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

DAVID COOPER
*Assistant Corporation Counsel*
phone: (212) 356-3535
fax: (212) 356-3509
email: dcooper@law.nyc.gov

July 11, 2016

VIA ECF
The Honorable Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re: Yordy Aragonez v. City of New York, et al., No. 16-CV-1794 (ARR) (CLP)

Your Honor:

    I am an Assistant Corporation Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, and the attorney assigned to the above-referenced matter, writing on behalf of defendant City of New York ("City"). I respectfully write to request that the Court: (1) stay the instant matter for thirty (30) days in light of pending investigations into the incident underlying the instant matter by the Internal Affairs Bureau ("IAB") of the New York City Police Department ("NYPD") and the Civilian Complaint Review Board ("CCRB"); (2) enlarge the time for the City to respond to the complaint until after the stay has concluded; and (3) adjourn the Initial Conference currently scheduled for July 27, 2016 at 9:30 a.m. until after the City responds to the complaint. Additionally, this Office writes with the hope that the Court will *sua sponte* enlarge the time for "Police Officer Kareem Phillips" to respond to the Complaint until after the stay has concluded. Plaintiff's counsel Gabriel Harvis consents to a thirty (30) day stay of this action.

    A. **Background**

    By way of background, plaintiff alleges, *inter alia*, that on or about December 21, 2015, he was subjected to unreasonable force by officers of the NYPD. On May 11, 2016, the City wrote to the Court regarding an enlargement of time to respond to the Complaint, in part to conduct an investigation into the facts of this case. On May 12, 2016, the Court extended the time for the City to respond to the Complaint to July 11, 2016. The undersigned learned recently that there are pending IAB and CCRB investigations into the alleged incident; therefore, this Office has been unable to determine representation as to "Police Officer Kareem Phillips."

Federal courts have the inherent power and discretionary authority to stay a case if the interest of justice so requires. See United States v. Kordel, 397 U.S. 1, 12 n.27; Kashi v. Gratsos, 790 F. 2d 1050, 1057 (2d Cir. 1986); Volmar Distributors, Inc. v. N.Y. Post Co., 152 F.R.D. 36, 39 (S.D.N.Y. 1993). In fact, courts in this Circuit have repeatedly stayed civil cases pending open investigations by other agencies. See, e.g., Jones v. City of New York, No. 14-CV-2094 (ENV) (JMA) (E.D.N.Y. May 16, 2014) (granting a stay pending an open CCRB investigation); Constantino v. City of New York, No. 13-CV-4175 (PKC) (LB) (E.D.N.Y. Nov. 27, 2013) (same). The City now respectfully submits that a stay of the civil proceeding until the conclusion of the IAB and CCRB investigations will be beneficial for the parties and the Court for the following reasons.

### B. A stay is warranted because there are pending IAB and CCRB investigations into the alleged incident

First, the IAB and CCRB investigations may affect the representation of the individual defendants depending on the investigation's outcome. Currently, upon information and belief, "Police Officer Kareem Phillips" is the subject of two separate investigations into the incident. Before this Office may assume representation of "Police Officer Kareem Phillips," it is required by General Municipal Law § 50-(k) to conduct an investigation into whether the officer is eligible for representation. See N.Y. GEN. MUN. LAW § 50-(k); Mercurio v. City of New York, 758 F.2d 862, 864-65 (2d Cir. 1985). Pursuant to § 50-(k)(2), this Office must first determine whether an individual employee "was acting within the scope of his public employment and in the discharge of his duties and was not in violation of any rule or regulation of his agency at the time the alleged act or omission occurred." See id.; see also Mercurio, 758 F.2d at 864-65.

As IAB and CCRB are currently in the process of determining whether "Police Officer Kareem Phillips" violated any NYPD rules or regulation, this Office cannot make a determination as to whether "Police Officer Kareem Phillips" "was acting within the scope of his public employment," nor whether this Office can represent this defendant in the current action until the resolution of the proceedings. Thus, requiring the instant action to proceed before the conclusion of the investigations may jeopardize the representation of the individual defendants.

Moreover, best practices prevent this Office from even communicating with "Police Officer Kareem Phillips" until the resolution of the proceedings because, if he is found to have violated NYPD procedures, there will be a conflict of interest between this Office and the individual police officer. Indeed, if this Office assumes representation of "Police Officer Kareem Phillips" before the proceedings are complete, but it later becomes apparent that the police officer was ineligible for representation, the undersigned, and indeed the entire Special Federal Litigation Division, may be conflicted off of the case. Such a result would cause significant and undue expenditure of resources. If "Police Officer Kareem Phillips" becomes ineligible, and the undersigned has already communicated with that officer, then the serious conflict issues will increase the costs and length of this litigation. As such, a stay of this matter may save resources and reduce the risk that conflicts will later arise in the litigation.

Second, plaintiff will not be prejudiced by a temporary stay in this case. As the City is a municipality, it can only communicate through its agents. If this Office cannot communicate with the individual correction officers named as defendants, the City cannot even offer a version of the events in question, let alone prepare an effective defense of the claims asserted by plaintiffs. Once the IAB and CCRB investigations are completed, this will result in illuminating factual disputes, easing discovery, and allowing for an early attempt at settlement discussions.

Third, the IAB and CCRB investigations will help streamline discovery in this matter. As part of their investigations, IAB and CCRB identify and interview witnesses to the Incident, including the involved correction officers, the plaintiff, and any civilian witnesses. In addition, IAB and CCRB collect numerous documents related to the Incident. Once the IAB and CCRB investigations are complete[1] any relevant and non-privileged IAB and CCRB documents and statements, including audio recordings, can be produced to the plaintiff, thereby providing an early window into the testimony of the involved individuals. As such, the work conducted by IAB and CCRB will aid both parties in the litigation of this case and will streamline discovery.

**C.     In light of the foregoing, the time to respond to the Complaint should be enlarged, and the Initial Conference should be adjourned**

In light of the foregoing, this Office writes with the hope that the Court will enlarge the time for "Police Officer Kareem Phillips" to respond until after the stay has concluded, so that this Office may determine representation. Additionally, defendant City requests that its time to respond to the Complaint be enlarged until after the stay has concluded, and also request an adjournment of the Initial Conference currently scheduled for July 27, 2016 at 9:30 a.m. The goals of an initial conference are, *inter alia*, to illuminate factual disputes and set a discovery schedule for litigation. This Office cannot communicate with "Police Officer Kareem Phillips" while the IAB and CCRB investigations are pending. As a result, defendant City cannot convey its version of events or mount an effective defense against plaintiff's allegations. Additionally, upon information and belief, a significant portion of documents pertaining to plaintiff's claims are unavailable to defendants until IAB and CCRB complete its investigation. Therefore, defendant City respectfully submits that both of these goals will be frustrated considering the current procedural posture of this action.

**D.     Conclusion**

Accordingly, in order to prevent the pending investigation from unnecessarily delaying this case, defendant City respectfully requests that this Court: (1) stay the instant matter for thirty (30) days in light of pending investigations into the incident underlying the instant

---

[1] It is important to note that the IAB and CCRB materials cannot be disclosed until after their respective investigations are complete pursuant to the deliberative process privilege. This is because the work conducted by IAB to date is "pre-decisional" and "deliberative." Tigue v. U.S. Dep't of Justice, 312 F.3d 70, 76-77 (2d Cir. 2002). Once the investigation is complete, however, much of the material gathered and prepared by IAB and CCRB will no longer fall within the ambit of the deliberative process privilege, and any relevant and non-privileged materials can be produced to plaintiff.

matter by the Internal Affairs Bureau ("IAB") of the New York City Police Department ("NYPD") and the Civilian Complaint Review Board ("CCRB"); (2) enlarge the time for the City to respond to the complaint until after the stay has concluded; and (3) adjourn the Initial Conference currently scheduled for July 27, 2016 at 9:30 a.m. until after the City responds to the complaint. Should the Court be inclined to grant the application for a stay, defendants respectfully submit that they can provide a status report to the Court after 30 days to inform the Court as to whether the investigations have concluded. Additionally, this Office writes with the hope that the Court will *sua sponte* enlarge the time for "Police Officer Kareem Phillips" to respond until IAB after the stay has been lifted.

Thank you for your consideration herein.

Respectfully submitted,

/s/

DAVID COOPER
Assistant Corporation Counsel
Special Federal Litigation Division

To: <u>VIA ECF</u>
Gabriel Paul Harvis
Harvis & Fett LLP
305 Braodway
14th floor
New York, NY 10007