UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X

| | |
|---|---|
| YORDY ARAGONEZ, | **DEFENDANT POLICE OFFICER PHILLIPS' ANSWER WITH CROSS-CLAIMS** |
| Plaintiff, | Index No.: 16-CV 01794 (AAR)(CLP) |
| -against- | |
| CITY OF NEW YORK, P.O. KAREEM PHILLIPS, JOHN DOE 1, JOHN AND JANE DOE 2 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown), | JURY TRIAL DEMANDED |
| Defendants. | |

----------------------------------------------------------------------X

Defendant NEW YORK CITY POLICE OFFICER KAREEM PHILLIPS, by his attorneys Worth, Longworth, and London, LLP respectfully answers Plaintiff's Complaint as follows:

## NATURE OF THE ACTION

1. Deny the allegations contained in paragraph 1 of plaintiff's compliant.

## JURISDICATION AND VENUE

2. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 2 and refer all questions of law to the Court.

3. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 3 and refer all questions of law to the Court.

4. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 4 and refer all questions of law to the Court.

5. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 5 and refer all questions of law to the Court.

## JURY DEMAND

6. Paragraph 6 is Jury Demand to which no response is necessary.

## PARTIES

7. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 7.

8. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 8 except admit that at all relevant times mentioned in the Complaint Defendant NEW YORK CITY POLICE OFFICER KAREEM PHILLIPS, was performing his duties lawfully, under Color of Law and within the scope of his employment as a New York City Police Officer.

9. In response to paragraph 9, admit only that at all relevant times mentioned in the Complaint Defendant NEW YORK CITY POLICE OFFICER KAREEM PHILLIPS, was performing his duties lawfully, under Color of Law and within the scope of his employment as a New York City Police Officer.

10. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 10.

11. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 11.

12. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 12.

13. In response to paragraph 13, admit only that at all relevant times mentioned in the Complaint Defendant NEW YORK CITY POLICE OFFICER KAREEM PHILLIPS, was performing his duties lawfully, under Color of Law and within the scope of his employment as a New York City Police Officer.

## STATEMENT OF FACTS

14. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 14.

15. Admit the allegations contained in paragraph 15.

16. Deny the allegations contained in paragraph 16.

17. Deny the allegations contained in paragraph 17.

18. Deny the allegations contained in paragraph 18.

19. Deny the allegations contained in paragraph 19.

20. Deny the allegations contained in paragraph 20.

21. Deny the allegations contained in paragraph 21.

22. Deny the allegations contained in paragraph 22.

23. Deny the allegations contained in paragraph 23.

24. Deny the allegations contained in paragraph 24.

25. Deny the allegations contained in paragraph 25.

26. Deny the allegations contained in paragraph 26.

27. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 27 of plaintiff's complaint.

28. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 28 of plaintiff's complaint.

29. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 29 of plaintiff's complaint.

30. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 30 of plaintiff's complaint.

31. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 31 of plaintiff's complaint.

32. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 32 of plaintiff's complaint.

33. Deny the allegations contained in paragraph 33.

## AS FOR AN ANSWER TO PLAINTIFF'S FIRST CLAIM

### UNREASONABLE FORCE

34. In response to paragraph 34, Defendant NEW YORK CITY POLICE OFFICER KAREEM PHILLIPS repeats and reiterates each and every allegation set forth in paragraphs 1 through 33 as if the same were fully set forth at length herein.

35. Deny the allegations contained in paragraph 35.

36. Deny the allegations contained in paragraph 36.

## AS AND FOR AN ANSWER TO PLAINTIFF'S SECOND CLAIM

### STATE LAW ASSAULT AND BATTERY

37. In response to paragraph 37, Defendant NEW YORK CITY POLICE OFFICER KAREEM PHILLIPS repeats and reiterates each and every allegation set forth in paragraphs 1 through 36 as if the same were fully set forth at length herein .

38. Deny knowledge and information sufficient to form the allegations contained in paragraph 38.

39. Deny the allegations contained in paragraph 39 except admit at all relevant times mentioned in the Complaint Defendant NEW YORK CITY POLICE OFFICER KAREEM PHILLIPS, was performing his duties lawfully, under Color of Law and within the scope of his employment as a New York City Police Officer.

40. Deny the allegations contained in paragraph 40.

## AS FOR AN ANSWER TO THE THIRD CLAIM

NEGLIGENCE; NEGLIGENT HIRING/TRAINING/RETENTION

41. In response to paragraph 41, Defendant NEW YORK CITY POLICE OFFICER KAREEM PHILLIPS repeats and reiterates each and every allegation set forth in paragraphs 1 through 40 as if the same were fully set forth at length herein.

42. Deny the allegations contained in paragraph 42.

43. Deny the allegations contained in paragraph 43.

44. Deny the allegations contained in paragraph 44.

45. Deny the allegations contained in paragraph 45.

46. Deny the allegations contained in paragraph 46.

## AS FOR AN ANSWER TO THE FOURTH CLAIM

INTENTIONAL INFLICTIONAL OF EMOTIONAL DISTRESS

47. In response to paragraph 47, Defendant NEW YORK CITY POLICE OFFICER KAREEM PHILLIPS repeats and reiterates each and every allegation set forth in paragraphs 1 through 46 as if the same were fully set forth at length herein.

48. Deny the allegations contained in paragraph 48 except admit at all relevant times mentioned in the Complaint Defendant NEW YORK CITY POLICE OFFICER KAREEM PHILLIPS, was performing his duties lawfully, under Color of Law and within the scope of his employment as a New York City Police Officer.

49. Deny the allegations contained in paragraph 49.

50. Deny the allegations contained in paragraph 50 except admit at all relevant times mentioned in the Complaint Defendant NEW YORK CITY POLICE OFFICER KAREEM PHILLIPS, was performing his duties lawfully, under Color of Law and within the scope of his employment as a New York City Police Officer.

51. Deny the allegations contained in paragraph 51.

## AS AND FOR AN ANSWER TO PLAINTIFF'S FIFTH CLAIM

NEGLIGENT INFLICITON OF EMOTIONAL DISTRESS

52. In response to paragraph 52, Defendant NEW YORK CITY POLICE OFFICER KAREEM PHILLIPS repeats and reiterates each and every allegation set forth in paragraphs 1 through 51 as if the same were fully set forth at length herein.

53. Deny the allegations contained in paragraph 53 except admit at all relevant times mentioned in the Complaint Defendant NEW YORK CITY POLICE OFFICER KAREEM PHILLIPS, was performing his duties lawfully, under Color of Law and within the scope of his employment as a New York City Police Officer.

54. Deny the allegations contained in paragraph 54.

55. Deny the allegations contained in paragraph 55 except admit at all relevant times mentioned in the Complaint Defendant NEW YORK CITY POLICE OFFICER

KAREEM PHILLIPS, was performing his duties lawfully, under Color of Law and within the scope of his employment as a New York City Police Officer.

56. Deny the allegations contained in paragraph 56.

## AS AND FOR AN ANSWER TO THE SIXTH CLAIM

### FAILURE TO INTERVENE

57. In response to paragraph 57, Defendant NEW YORK CITY POLICE OFFICER KAREEM PHILLIPS repeats and reiterates each and every allegation set forth in paragraphs 1 through 56 as if the same were fully set forth at length herein.

58. Deny the allegations contained in paragraph 58.

59. Deny the allegations contained in paragraph 59.

60. Deny the allegations contained in paragraph 60.

## AS FOR A FIRST AFFIRMATIVE DEFENSE

61. Plaintiff's Complaint fails to state a claim upon which relief can be granted against Defendant NEW YORK CITY POLICE OFFICER KAREEM PHILLIPS.

## AS FOR A SECOND AFFIRMATIVE DEFENSE

62. The alleged incident and damages, if any, alleged to have been sustained by Plaintiff on the occasion mentioned in the Complaint were wholly or in part caused by the culpable conduct of Plaintiff.

## AS FOR A THIRD AFFIRMATIVE DEFENSE

63. If it is determined that Defendant NEW YORK CITY POLICE OFFICER KAREEM PHILLIPS was acting under the color of law, then the actions of Defendant NEW YORK CITY POLICE OFFICER KAREEM PHILLIPS as a sworn police officer

of Defendant CITY OF NEW YORK were justified and were done in good faith, in that Defendant NEW YORK CITY POLICE OFFICER KAREEM PHILLIPS reasonably believed that he was exercising and acting within his statutory and constitutional powers.

### AS FOR A FOURTH AFFIRMATIVE DEFENSE

64.  Plaintiff's Complaint fails to set forth facts sufficient to constitute deprivation of any constitutional rights or other basis for a civil rights claim.

### AS FOR A FIFTH AFFIRMATIVE DEFENSE

65.  If it is determined that Defendant NEW YORK CITY POLICE OFFICER KAREEM PHILLIPS was acting under the color of law, then Defendant NEW YORK CITY POLICE OFFICER KAREEM PHILLIPS acted reasonably and in good faith in discharging his official duties and responsibilities, and as such Defendant NEW YORK CITY POLICE OFFICER KAREEM PHILLIPS is entitled to qualified immunity.

### AS FOR A SIXTH AFFIRMATIVE DEFENSE

66.  That any sums or consideration paid or promised to Plaintiff, by any person or corporations claimed to be liable for injuries or damages alleged in the Complaint, shall reduce any judgment rendered in favor of Plaintiff as against Defendant NEW YORK CITY POLICE OFFICER KAREEM PHILLIPS to the extent of the greater of either the sums or consideration paid or promised to Plaintiff or the amount of the released tortfeasor's(s) equitable share(s) of the damages in accordance with General Obligations Law § 15-108, et. seq.

### AS FOR AN SEVENTH AFFIRMATIVE DEFENSE

67.  Any award for recovery of the cost of medical care, dental care, custodial care or rehabilitation services, loss of earnings, or other economic loss claimed by Plaintiff shall

be reduced to the extent that any such cost or expense was or will with reasonable certainty be replaced or indemnified from any collateral source pursuant to CPLR § 4545.

### AS FOR A EIGHT AFFIRMATIVE DEFENSE

68. Upon information and belief, the injuries or damages alleged in the complaint were or may have been caused in whole or in part by parties now or hereafter to be named as Co-Defendants or Third-Party Defendants and accordingly the liability of the answering Defendant NEW YORK CITY POLICE OFFICER KAREEM PHILLIPS is, or may be, limited by the provisions of Article 16 of the CPLR.

### AS FOR A FIRST CROSS-CLAIM AGAINST DEFENDANT CITY OF NEW YORK

69. If Plaintiff was caused damages as alleged in Plaintiff's Complaint, due to any culpable conduct other than Plaintiff's own culpable conduct, then such damages were subsequently due to the culpable conduct, negligent acts of omission or commission of Defendant, CITY OF NEW YORK.

### AS FOR A SECOND CROSS-CLAIM AGAINST DEFENDANT CITY OF NEW YORK

70. If it is determined that Defendant NEW YORK CITY POLICE OFFICER KAREEM PHILLIPS was acting under the color of law, then all of the acts of Defendant NEW YORK CITY POLICE OFFICER KAREEM PHILLIPS were performed within the scope of his duties and within the scope of his employment as a New York City Police Officer, and any liability to Plaintiff must be assumed by his employer, Defendant, CITY OF NEW YORK, pursuant to the principle of *Respondeat Superior*.

### AS FOR A THIRD CROSS-CLAIM AGAINST DEFENDANT CITY OF NEW YORK

71. Pursuant to this principle of law, if Plaintiff recovers any judgment against Defendant NEW YORK CITY POLICE OFFICER KAREEM PHILLIPS, then said Defendant is entitled to recover the amount of such judgment from Defendant, CITY OF NEW YORK.

### AS FOR THE FOURTH CROSS-CLAIM AGAINST DEFENDANT CITY OF NEW YORK

72. If it is determined that Defendant NEW YORK CITY POLICE OFFICER KAREEM PHILLIPS was acting under the color of law, then all of the actions of Defendant NEW YORK CITY POLICE OFFICER KAREEM PHILLIPS were performed within the performance of his duties and within the scope of his employment as New York City Police Officer, and any liability to Plaintiffs must be assumed by Defendant, CITY OF NEW YORK, pursuant to NYS General Municipal Law Section 50-k.

73. Any damages sustained by Plaintiff at the time or place mentioned in Plaintiff's Complaint are embraced within the provisions of NYS General Municipal Law Section 50-k.

74. Pursuant to this provision of NYS General Municipal Law Section 50-k, if Plaintiff recovers any judgment against Defendant NEW YORK CITY POLICE OFFICER KAREEM PHILLIPS then the answering Defendant is entitled to recover the amount of such judgment from Defendant, CITY OF NEW YORK.

**WHEREFORE**, Defendant NEW YORK CITY POLICE OFFICER KAREEM PHILLIPS respectfully demands judgment against Plaintiff as follows:

(a) Dismissing Plaintiff's Complaint in its entirety;

(b)  Over and against Defendant, CITY OF NEW YORK for the amount of any judgment obtained against Defendant NEW YORK CITY POLICE OFFICER KAREEM PHILLIPS

(c)  Granting Defendant NEW YORK CITY POLICE OFFICER KAREEM PHILLIPS costs, disbursements, and expenses of the action, reasonable attorney's fees, and such other and further relief as this Court deems just and proper.

Dated: New York, New York
       December 20, 2016

>                    Yours, etc.,
>
>                    _____/s/_____
>
>                    By: Douglas LaBarbera (DL 3880)
>                    WORTH, LONGWORTH & LONDON LLP
>                    *Attorneys for Defendant P.O. Phillips*
>                    111 John Street - Suite 640
>                    New York, New York   10038
>                    (212) 964-8038

TO:   **VIA ECF**

**Gabriel Paul Harvis**
Harvis & Fett LLP
305 Broadway
14th floor
New York, NY 10007
212-323-6880
Fax: 212-323-6881
Email: gharvis@civilrights.nyc

**Peter John Fogarty**
New York City Law Department
100 Church Street
New York, NY 10007
212-356-3514
Fax: 212-356-3558
Email: pfogarty@law.nyc.gov

11