UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------x

YORDY ARAGONEZ,

Plaintiff,

-against-

CITY OF NEW YORK; Police Officer KAREEM PHILLIPS, Shield No. 02555; JOHN DOE 1; and JOHN and JANE DOE 2 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

Defendants.

-----------------------------------------------------------------------x

**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

16 CV 1794 (ARR) (CLP)

**WHEREAS**, preparation for trial in the above-captioned action may require the parties to produce certain documents and information that the parties may deem to be confidential, private, subject to privilege and/or otherwise inappropriate for public disclosure; and

**WHEREAS,** the parties object to the production of these documents unless appropriate protection for their confidentiality is assured; and

**WHEREAS,** good cause therefore exists for the entry of an Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the attorney for plaintiff Yordy Aragonez, the attorney for defendant City of New York, and the attorney for defendant Police Officer Kareem Phillips, as follows:

1. As used herein, "Action" shall mean Yordy Aragonez v. City of New York, et al., 16 CV 1794 (ARR) (CLP).

2. "Confidential Materials" shall mean: (a) New York City Police Department ("NYPD") personnel and disciplinary-related records, and records of investigations regarding the conduct of Members of the Service of the NYPD conducted by the NYPD, the Civilian Complaint Review Board, or other agencies; (b) plaintiff's school records; and (c) other documents and information that may, in good faith, during the pendency of this litigation, be designated "Confidential Material" by the Producing Party or the Court, except that such documents and information shall not be designated "Confidential Materials" to the extent, and only to the extent, that they (i) are lawfully obtained by subpoena or pursuant to the New York Freedom of Information Law ("FOIL"); or (ii) are otherwise publicly available.

3. As used herein, "Producing Party" shall mean the party and/or party's attorney requesting that a particular document or the information contained therein be deemed confidential, and "Receiving Party" shall mean any party and/or party's attorney who is not the "Producing Party," as defined herein, for that particular document or information at issue.

4. A Receiving Party and/or that party's attorney shall not use the Confidential Materials produced in discovery in the Action for any purpose other than the preparation, or presentation of that party's cause in the Action, except nothing herein shall limit a party's use of its own Confidential Materials.

5. Attorneys for a Receiving Party and/or Receiving Party shall not disclose the Confidential Materials to anyone other than a party, an attorney of record for that party or any member of the staff of that attorney's office, except under the following conditions;

a. Disclosure may be made only to an attorney representing a party in the Action if necessary to the preparation or presentation of a party's claims or defenses.

b. Disclosure may also be made to an expert who has been retained or specially employed by a party's attorney in anticipation of

litigation or preparation for trial of the Action, to a witness at deposition, or in preparation for testimony at a deposition or trial, or the Court.

c. Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court or to a witness at a deposition), the attorney for the party wishing to make such disclosure shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution of the Action and not to make further disclosure of the Confidential Materials except in testimony taken in the Action. The attorneys for a Receiving Party shall retain the signed Exhibit A and a copy of the same shall be furnished to Producing Party's attorney upon request at a deposition or immediately before trial, although the name of an expert that Plaintiffs' attorney does not intend to call as a trial witness may be redacted from such a consent before it is produced.

d. Defendant City's attorneys may disclose the Confidential Materials to the New York City Police Department, the New York City Comptroller's Office and/or the New York City Mayor's Office, solely in connection with the defense or settlement of this Action.

e. Disclosure of plaintiff's school records deemed "Confidential" under this Protective Order may also be made to any individual who was involved in the creation of those records or who was referenced therein.

6. The Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential either by: (a) indicating on the record during the deposition that a question relates to Confidential Materials, in which event the reporter will bind the transcript of the designated testimony in a separate volume and mark "Confidential Information Governed by a Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition concludes, of the specific pages and lines of the transcript that are to be designated "Confidential," in which event all counsel receiving the

transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by defendants' counsel.

7. If a Receiving Party objects to the designation of any Confidential Materials as confidential, he shall in good faith attempt to resolve such conflict. If the conflict cannot be resolved among counsel, the Receiving Party shall, within 30 days of the initial objection, request the Court to remove the designation. Any such materials or information shall be treated as Confidential until the parties resolve the conflict or the Court issues its ruling regarding the conflict.

8. The parties agree that, if any papers that incorporate Confidential Materials or reveal the contents thereof, are to be filed with the Court the party seeking to file those papers shall first make an application to the Court for permission to file under seal the specific portions of those papers disclosing the Confidential Materials and shall indicate whether defendant objects to that request. No materials shall be filed under seal unless the Court has issued an Order approving the filing, in which event the filing shall follow the District Court rules applicable to filing under seal.

9. Notwithstanding the provisions of this Stipulation and Protective Order, if a party makes public representations outside of the proceeding of this Action, the substance of which concerns, physical, psychiatric, emotional or mental injuries allegedly caused by an adverse party or their agents, the adverse party or its attorneys may disclose the Confidential Materials to specifically rebut the party's representations.

10. Nothing in this Protective Order shall be construed to limit a party's use of its own Confidential Materials in any manner.

11. Within 30 days after the termination of this Action, including all appeals, the Confidential Materials, including all copies and non-conforming copies thereof, notes, and any other materials containing or referring to information derived therefrom, shall, upon request, be returned to the Producing Party's attorneys, or, upon their consent, destroyed, and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to the Producing Party's attorney upon request.

10. This stipulation shall be binding upon the parties immediately upon signature and shall be submitted to the Court for entry as an Order.

11. Plaintiff's counsel shall keep confidential for "attorneys-eyes-only" the address, telephone number, social security number, date of birth and other personal information regarding defendants, complaining victims, witnesses, and/or any member of the NYPD identified by the production of documents or otherwise identified in the course of this litigation. Such information shall be used only by the attorney or his law firm or agents for the purpose of communicating with witnesses or the service of subpoenas, and shall not be disclosed to plaintiff, his family members, or other persons, and such information shall not be included documents publicly filed with the Court.

12. This Protective Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Materials are produced or

disclosed. All documents or information that have been deemed confidential pursuant to this Order, including all copies and non-conforming copies thereof, shall not be used by the Receiving Party or its attorney for any purpose other than as set forth in paragraph "4" hereof without prior Court approval.

Dated: ___, 2017
New York, New York

Gabriel Paul Harvis, Esq.
Harvis & Fett, LLP
305 Broadway, 14th Floor
New York, New York 10007

Tel.: (212) 323-6880

By: ______________________
Gabriel P. Harvis
*Attorney for Plaintiff*

ZACHARY W. CARTER

Corporation Counsel of the
City of New York
100 Church Street
New York, New York 10007
(212) 356-3514

By: ______________________ 1-31-17
Peter J. Fogarty
Assistant Corporation Counsel
*Attorney for Defendants*

Douglas LaBarbera, Esq.
Worth, Longworth and London LLP
111 John Street, Suite 640
New York, New York 10038
(212) 964-8038

By: ______________________ 1/31/17
Douglas LaBarbera, Esq.
*Attorney for Police Officer Kareem Phillips*

SO ORDERED:

______________________
HON. CHERYL L. POLLAK
UNITED STATES MAGISTRATE JUDGE

EXHIBIT A

The undersigned hereby acknowledges that he has read the Confidentiality Stipulation and Order entered in the United States District Court for the Eastern District of New York dated ________________, in the action entitled, Yordy Aragonez v. City of New York, et al., 16-CV-1794 (ARR) (CLP) (EDNY), and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

______________________________
Date

______________________________
Signature

______________________________
Print Name

______________________________
Occupation