UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
YORDY ARAGONEZ,

                          Plaintiff,

                     -against-

CITY OF NEW YORK; Police Officer KAREEM PHILLIPS, Shield No. 02555; WILSON MORALES; NARINE BHARAT; and JOHN and JANE DOE 3 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                         Defendants.
-----------------------------------------------------------------x

**FIRST AMENDED COMPLAINT**

Jury Trial Demanded

16 CV 1794 (ARR) (CLP)

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States, and the laws of the State of New York.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5. This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6. Plaintiff demands a trial by jury in this action.

## PARTIES

7. Plaintiff Yordy Aragonez is a resident of Kings County in the City and State of New York.

8. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein. It also operates and is responsible for its public school system and the safety and welfare of its students.

9. Defendant Police Officer Kareem Phillips, Shield No. 02555 ("Phillips"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Phillips is sued in his individual and official capacities.

10. Defendant School Aid Wilson Morales ("Morales"), at all times relevant herein, was an employee and agent of the New York City Department of Education ("DOE"). Defendant Morales is sued in his individual and official capacities.

11. Defendant Narine Bharat, at all times relevant herein, was an employee and of the DOE. Defendant Bharat is sued in his individual and official capacities.

12. At all times relevant defendants John and Jane Doe 3 through 10 were police officers, detectives or supervisors employed by the NYPD; or teachers, deans or supervisors of DOE. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 3 through 10.

13. At all times relevant herein, defendants John and Jane Doe 3 through 10 were acting as agents, servants and employees of the City of New York and the NYPD and/or DOE. Defendants John and Jane Doe 3 through 10 are sued in their individual and official capacities.

14. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

15. Mr. Aragonez is a senior at Progress High School in Brooklyn who has never before been arrested.

16. Progress High School, which has a majority black and Hispanic student body, is patrolled by a large force of uniformed NYPD School Safety Agents.

17. The officers at Progress routinely issue summonses and arrest students for minor misbehaviors that once would have been dealt with by the principal, a nationwide phenomenon. *See* Eckholm, Erik, *With Police in Schools, More Children in Court*, NEW YORK TIMES, Page A1, April 12, 2013.

18. Such police-driven policies have not made the school safer and are a moving force behind the constitutional violations suffered by the plaintiff.

19. At approximately 11:15 a.m. on December 21, 2015, while in a hallway on his way to class at Progress, Mr. Aragonez was aggressively confronted and set upon by a group of male students.

20. As Mr. Aragonez and his cousin attempted to defend themselves from the attack of approximately eight male students, school staff and safety officers present failed to defuse the situation.

21. Defendant Phillips, a large police officer in uniform, and defendant Morales, a School Aid, violently grabbed Mr. Aragonez and thrust him into an

adjacent classroom in which class was in session.

22. Defendant Morales pulled Mr. Aragonez to the ground by his neck.

23. Defendant Phillips and defendant Morales slammed Mr. Aragonez into a desk head first.

24. With Mr. Aragonez pinned against the desk immobilized on his hands and knees, and with defendant Morales holding him down, defendant Phillips needlessly struck Mr. Aragonez with his metal baton.

25. As he hit a helpless Mr. Aragonez, defendant Phillips screamed in front of the classroom full of high school students and their teacher, "stop, motherfucker, stop."

26. Defendant Phillips then hit Mr. Araganoz again, full force, with the baton, as Phillips yelled out "you got the fucking cops here…you wanna fuck around?"

27. As defendant Phillips delivered the blows, Mr. Aragonez did not move or resist in any manner.

28. Defendant Phillips then pinned Mr. Aragonez to the ground with the weight of his body and applied excessively tight handcuffs to his wrists.

29. Phillips then pulled Mr. Aragonez up to his feet by the handcuffs.

30. Mr. Aragonez complained that he could not breathe and that the

handcuffs were too tight but defendant Phillips did nothing to assist him.

31. Instead, defendant Phillips took Mr. Aragonez in handcuffs to another room on the floor and issued him a summons for disorderly conduct that was subsequently dismissed.

32. Mr. Aragonez was then taken to another office and issued a suspension letter.

33. Mr. Aragonez was charged with two violations of school rules, both of which were subsequently dismissed.

34. The investigation of the events was thwarted by defendant Bharat, pursuant to a conspiracy with Phillips, Morales and unidentified defendants.

35. Defendant Bharat gave inaccurate testimony to investigators in an effort to sustain false disciplinary and criminal charges against Mr. Aragonez, and cover up the misconduct of defendants Phillips and Morales.

36. Within ninety days after the claim alleged in this complaint arose, a written notice of claim was served upon defendants at the New York City Comptroller's office.

37. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

38. This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

39. Mr. Aragonez suffered damage as a result of defendants' actions. Plaintiff suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### Unreasonable Force

40. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

41. Defendant Phillips and Morales violated the Fourth and Fourteenth Amendments because they used unreasonable force against him.

42. As a direct and proximate result of this unlawful conduct, Mr. Aragonez sustained the damages hereinbefore alleged.

## SECOND CLAIM
### State Law Assault and Battery

43. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

44. By their conduct, as described herein, defendants Phillips and Morales are liable to plaintiff for having assaulted and battered him.

45. Defendant City of New York, as an employer of the individual defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

46. As a direct and proximate result of this unlawful conduct, Mr. Aragonez sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Negligence; Negligent Hiring/Training/Retention

47. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

48. Defendant City, through the NYPD and DOE, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

49. Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

50. Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

51. Upon information and belief, defendant City's negligence and its negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

52. As a direct and proximate result of this unlawful conduct, Mr. Aragonez sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Intentional Infliction of Emotional Distress

53. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

54. By reason of the foregoing, defendant Phillips and defendant Morales, acting in their capacities as NYPD and/or DOE employees, and within the scope of their employment, each committed conduct so extreme and outrageous as to constitute the intentional infliction of emotional distress upon plaintiff.

55. The intentional infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as City employees.

56. Defendants, their officers, agents, servants, and employees were responsible for the intentional infliction of emotional distress upon plaintiff.

Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

57. As a direct and proximate result of this unlawful conduct, Mr. Aragonez sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Negligent Infliction of Emotional Distress

58. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

59. By reason of the foregoing, the defendants, acting in their capacities as NYPD and/or DOE employees, and within the scope of their employment, each were negligent in committing conduct that inflicted emotional distress upon plaintiff.

60. The negligent infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as City employees.

61. Defendants, their officers, agents, servants, and employees were responsible for the negligent infliction of emotional distress upon plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

62. As a direct and proximate result of this unlawful conduct, Mr. Aragonez sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Failure to Intervene

63. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

64. Defendant Morales had an opportunity to prevent the assault of Mr. Aragonez by defendant Phillips, and a duty to intervene and prevent such conduct, but failed to intervene.

65. Accordingly, defendant Morales violated the Fourth and Fourteenth Amendments.

66. As a direct and proximate result of this unlawful conduct, Mr. Aragonez sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### Conspiracy

67. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

68. Defendant Bharat and defendants Phillips, Morales and other unidentified defendants, agreed to misrepresent facts regarding the incident in order to violate the Fourth Amendment and Due Process rights of the plaintiff.

69. The individual defendants took several overt acts in furtherance of their agreement, including the fabrication of evidence and the making of false statements to investigators.

70. These acts resulted in a violation of plaintiff's rights to due process and to be free from unlawful search and seizure. Mr. Aragonez was deprived of his liberty and forced to defend against false criminal charges while facing the prospect of incarceration if he were convicted.

71. Accordingly, defendants violated the Fourth and Fourteenth Amendment because they conspired to deprive Mr. Aragonez of his rights.

72. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

### EIGHTH CLAIM
*Monell*

73. Defendant City of New York, through its NYPD School Safety Division, directly caused the Constitutional violations set forth herein.

74. As described herein, defendant City, through its police department and DOE, has had and still has a policy and practice of criminalizing minor student disobedience at the City's Public Schools that results in the handcuffing and arrest of students in violation of their constitutional rights and, as here, the use of excessive force against them.

75. The City, at all relevant times, was aware that these individual defendants routinely commit constitutional violations such as those at issue here, and that similar issues plague the school system Citywide, and has failed to change its policy.

76. This policy and practice was a moving force behind plaintiff's injuries.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated: May 3, 2017
New York, New York

HARVIS & FETT LLP

_____
Gabriel P. Harvis
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
gharvis@civilrights.nyc

*Attorneys for plaintiff*