UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X

| | |
|---|---|
| YORDY ARAGONEZ, | **ANSWER TO THE AMENDED COMPLAINT WITH CROSS-CLAIMS** |
| Plaintiff, | Index No.: 16-CV 01794 (AAR)(CLP) |
| -against- | |
| CITY OF NEW YORK, P.O. KAREEM PHILLIPS, Shield No. 02555; WILSON MORALES; NARINE BHARAT; and JOHN AND JANE DOE 3 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown), | JURY TRIAL DEMANDED |
| Defendants. | |

---------------------------------------------------------------------X

Defendant NEW YORK CITY POLICE OFFICER KAREEM PHILLIPS, by his attorneys Worth, Longworth, and London, LLP respectfully answers Plaintiff's First Amended Complaint as follows:

### NATURE OF THE ACTION

1. Deny the allegations contained in paragraph 1 of plaintiff's compliant.

### JURISDICATION AND VENUE

2. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 2 and refer all questions of law to the Court.

3. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 3 and refer all questions of law to the Court.

4. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 4 and refer all questions of law to the Court.

5. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 5 and refer all questions of law to the Court.

## JURY DEMAND

6. Paragraph 6 is Jury Demand to which no response is necessary.

## PARTIES

7. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 7.

8. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 8 except admit that at all relevant times mentioned in the Amended Complaint Defendant NEW YORK CITY POLICE OFFICER KAREEM PHILLIPS, was performing his duties lawfully, under Color of Law and within the scope of his employment as a New York City Police Officer.

9. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 9 except admit that at all relevant times mentioned in the Amended Complaint Defendant NEW YORK CITY POLICE OFFICER KAREEM PHILLIPS, was performing his duties lawfully, under Color of Law and within the scope of his employment as a New York City Police Officer.

10. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 10.

11. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 11.

12. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 12.

13. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 13.

14. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 14 except admit that at all relevant times mentioned in the Amended Complaint Defendant NEW YORK CITY POLICE OFFICER KAREEM PHILLIPS, was performing his duties lawfully, under Color of Law and within the scope of his employment as a New York City Police Officer.

## STATEMENT OF FACTS

15. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 15.

16. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 16.

17. Deny the allegations contained in paragraph 17.

18. Deny the allegations contained in paragraph 18.

19. Deny the allegations contained in paragraph 19.

20. Deny the allegations contained in paragraph 20.

21. Deny the allegations contained in paragraph 21.

22. Deny the allegations contained in paragraph 22.

23. Deny the allegations contained in paragraph 23.

24. Deny the allegations contained in paragraph 24.

25. Deny the allegations contained in paragraph 25.

26. Deny the allegations contained in paragraph 26.

27. Deny the allegations contained in paragraph 27.

28. Deny the allegations contained in paragraph 28.

29. Deny the allegations contained in paragraph 29.

30. Deny the allegations contained in paragraph 30.

31. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 31 of plaintiff's complaint.

32. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 32 of plaintiff's complaint.

33. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 33 of plaintiff's complaint.

34. Deny the allegations contained in paragraph 34.

35. Deny the allegations contained in paragraph 35.

36. Deny knowledge and information sufficient to form the allegations contained in paragraph 36.

37. Deny knowledge and information sufficient to form the allegations contained in paragraph 37.

38. Deny knowledge and information sufficient to form the allegations contained in paragraph 38.

39. Deny the allegations contained in paragraph 39.

## AS FOR AN ANSWER TO THE FIRST CLAIM

### Unreasonable Force

40. In response to paragraph 40, Defendant NEW YORK CITY POLICE OFFICER KAREEM PHILLIPS repeats and reiterates each and every allegation set forth in paragraphs 1 through 39 as if the same were fully set forth at length herein.

41. Deny the allegations contained in paragraph 41.

42. Deny the allegations contained in paragraph 42.

## AS AND FOR AN ANSWER TO THE SECOND CLAIM

### State Law Assault and Battery

43. In response to paragraph 43, Defendant NEW YORK CITY POLICE OFFICER KAREEM PHILLIPS repeats and reiterates each and every allegation set forth in paragraphs 1 through 42 as if the same were fully set forth at length herein

44. Deny the allegations contained in paragraph 44.

45. In response to paragraph 45, admit that at all relevant times mentioned in the Amended Complaint Defendant NEW YORK CITY POLICE OFFICER KAREEM PHILLIPS, was performing his duties lawfully, under Color of Law and within the scope of his employment as a New York City Police Officer.

46. Deny the allegations contained in paragraph 46.

## AS FOR AN ANSWER TO THE THIRD CLAIM

### Negligence; Negligent Hiring/Training/Retention

47. In response to paragraph 47, Defendant NEW YORK CITY POLICE OFFICER KAREEM PHILLIPS repeats and reiterates each and every allegation set forth in paragraphs 1 through 46 as if the same were fully set forth at length herein.

48. Deny the allegations contained in paragraph 48.

49. Deny the allegations contained in paragraph 49.

50. Deny the allegations contained in paragraph 50.

51. Deny the allegations contained in paragraph 51.

52. Deny the allegations contained in paragraph 52.

## AS AND FOR AN ANSWER TO PLAINTIFF'S FOURTH CLAIM

### Intentional Infliction of Emotional Distress

53. In response to paragraph 53, Defendant NEW YORK CITY POLICE OFFICER KAREEM PHILLIPS repeats and reiterates each and every allegation set forth in paragraphs 1 through 52 as if the same were fully set forth at length herein.

54. Deny the allegations contained in paragraph 54 except admit at all relevant times mentioned in the Amended Complaint Defendant NEW YORK CITY POLICE OFFICER KAREEM PHILLIPS, was performing his duties lawfully, under Color of Law and within the scope of his employment as a New York City Police Officer.

55. Deny the allegations contained in paragraph 55.

56. Deny the allegations contained in paragraph 56 except admit at all relevant times mentioned in the Amended Complaint Defendant NEW YORK CITY POLICE OFFICER KAREEM PHILLIPS, was performing his duties lawfully, under Color of Law and within the scope of his employment as a New York City Police Officer.

57. Deny the allegations contained in paragraph 57.

## AS AND FOR AN ANSWER TO THE FIFTH CLAIM

### Negligent Infliction of Emotional Distress

58. In response to paragraph 58, Defendant NEW YORK CITY POLICE OFFICER KAREEM PHILLIPS repeats and reiterates each and every allegation set forth in paragraphs 1 through 57 as if the same were fully set forth at length herein.

59. Deny the allegations contained in paragraph 59 except admit at all relevant times mentioned in the Amended Complaint Defendant NEW YORK CITY POLICE OFFICER KAREEM PHILLIPS, was performing his duties lawfully, under Color of Law and within the scope of his employment as a New York City Police Officer.

60. Deny the allegations contained in paragraph 60.

61. Deny the allegations contained in paragraph 61 except admit at all relevant times mentioned in the Amended Complaint Defendant NEW YORK CITY POLICE OFFICER KAREEM PHILLIPS, was performing his duties lawfully, under Color of Law and within the scope of his employment as a New York City Police Officer.

62. Deny the allegations contained in paragraph 62.

## AS AND FOR AN ANSWER TO THE SIXTH CLAIM

### Failure to Intervene

63. In response to paragraph 63, Defendant NEW YORK CITY POLICE OFFICER KAREEM PHILLIPS repeats and reiterates each and every allegation set forth in paragraphs 1 through 62 as if the same were fully set forth at length herein.

64. Deny the allegations contained in paragraph 64.

65. Deny the allegations contained in paragraph 65.

66. Deny the allegations contained in paragraph 66.

## AS AND FOR AN ANSWER TO THE SEVENTH CLAIM

### Conspiracy

67. In response to paragraph 67, Defendant NEW YORK CITY POLICE OFFICER KAREEM PHILLIPS repeats and reiterates each and every allegation set forth in paragraphs 1 through 66 as if the same were fully set forth at length herein

68. Deny the allegations contained in paragraph 68.

69. Deny the allegations contained in paragraph 69.

70. Deny the allegations contained in paragraph 70.

71. Deny the allegations contained in paragraph 71.

72. Deny the allegations contained in paragraph 72.

## AS AND FOR AN ANSWER TO THE EIGHT CLAIM

### Monell

73. Deny the allegations contained in paragraph 73.

74. Deny the allegations contained in paragraph 74.

75. Deny the allegations contained in paragraph 75.

## AS AND FOR AN FIRST AFFIRMATIVE DEFENSE

76. Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted against Defendant NEW YORK CITY POLICE OFFICER KAREEM PHILLIPS.

## AS FOR A SECOND AFFIRMATIVE DEFENSE

77. The alleged incident and damages, if any, alleged to have been sustained by Plaintiff on the occasion mentioned in the Amended Complaint were wholly or in part caused by the culpable conduct of Plaintiff.

## AS FOR A THIRD AFFIRMATIVE DEFENSE

78. If it is determined that Defendant NEW YORK CITY POLICE OFFICER KAREEM PHILLIPS was acting under the color of law, then the actions of Defendant NEW YORK CITY POLICE OFFICER KAREEM PHILLIPS as a sworn police officer of Defendant CITY OF NEW YORK were justified and were done in good faith, in that Defendant NEW YORK CITY POLICE OFFICER KAREEM PHILLIPS reasonably believed that he was exercising and acting within his statutory and constitutional powers.

## AS FOR A FOURTH AFFIRMATIVE DEFENSE

79. Plaintiff's Amended Complaint fails to set forth facts sufficient to constitute deprivation of any constitutional rights or other basis for a civil rights claim.

## AS FOR A FIFTH AFFIRMATIVE DEFENSE

80. If it is determined that Defendant NEW YORK CITY POLICE OFFICER KAREEM PHILLIPS was acting under the color of law, then Defendant NEW YORK CITY POLICE OFFICER KAREEM PHILLIPS acted reasonably and in good faith in discharging his official duties and responsibilities, and as such Defendant NEW YORK CITY POLICE OFFICER KAREEM PHILLIPS is entitled to qualified immunity.

## AS FOR A SIXTH AFFIRMATIVE DEFENSE

81. That any sums or consideration paid or promised to Plaintiff, by any person or corporations claimed to be liable for injuries or damages alleged in the Amended Complaint, shall reduce any judgment rendered in favor of Plaintiff as against Defendant NEW YORK CITY POLICE OFFICER KAREEM PHILLIPS to the extent of the greater of either the sums or consideration paid or promised to Plaintiff or the amount of the

released tortfeasor's(s) equitable share(s) of the damages in accordance with General Obligations Law § 15-108, <u>et. seq.</u>

### AS FOR AN SEVENTH AFFIRMATIVE DEFENSE

82. Any award for recovery of the cost of medical care, dental care, custodial care or rehabilitation services, loss of earnings, or other economic loss claimed by Plaintiff shall be reduced to the extent that any such cost or expense was or will with reasonable certainty be replaced or indemnified from any collateral source pursuant to CPLR § 4545.

### AS FOR A EIGHT AFFIRMATIVE DEFENSE

83. Upon information and belief, the injuries or damages alleged in the amended complaint were or may have been caused in whole or in part by parties now or hereafter to be named as Co-Defendants or Third-Party Defendants and accordingly the liability of the answering Defendant NEW YORK CITY POLICE OFFICER KAREEM PHILLIPS is, or may be, limited by the provisions of Article 16 of the CPLR.

### AS FOR A FIRST CROSS-CLAIM AGAINST DEFENDANT CITY OF NEW YORK

84. If Plaintiff was caused damages as alleged in Plaintiff's Amended Complaint, due to any culpable conduct other than Plaintiff's own culpable conduct, then such damages were subsequently due to the culpable conduct, negligent acts of omission or commission of Defendant, CITY OF NEW YORK.

### AS FOR A SECOND CROSS-CLAIM AGAINST DEFENDANT CITY OF NEW YORK

85. If it is determined that Defendant NEW YORK CITY POLICE OFFICER KAREEM PHILLIPS was acting under the color of law, then all of the acts of Defendant NEW YORK CITY POLICE OFFICER KAREEM PHILLIPS were performed within the

scope of his duties and within the scope of his employment as a New York City Police Officer, and any liability to Plaintiff must be assumed by his employer, Defendant, CITY OF NEW YORK, pursuant to the principle of *Respondeat Superior*.

### AS FOR A THIRD CROSS-CLAIM AGAINST DEFENDANT CITY OF NEW YORK

86.     Pursuant to this principle of law, if Plaintiff recovers any judgment against Defendant NEW YORK CITY POLICE OFFICER KAREEM PHILLIPS, then said Defendant is entitled to recover the amount of such judgment from Defendant, CITY OF NEW YORK.

### AS FOR THE FOURTH CROSS-CLAIM AGAINST DEFENDANT CITY OF NEW YORK

87.     If it is determined that Defendant NEW YORK CITY POLICE OFFICER KAREEM PHILLIPS was acting under the color of law, then all of the actions of Defendant NEW YORK CITY POLICE OFFICER KAREEM PHILLIPS were performed within the performance of his duties and within the scope of his employment as New York City Police Officer, and any liability to Plaintiffs must be assumed by Defendant, CITY OF NEW YORK, pursuant to NYS General Municipal Law Section 50-k.

88.     Any damages sustained by Plaintiff at the time or place mentioned in Plaintiff's Amended Complaint are embraced within the provisions of NYS General Municipal Law Section 50-k.

89.     Pursuant to this provision of NYS General Municipal Law Section 50-k, if Plaintiff recovers any judgment against Defendant NEW YORK CITY POLICE OFFICER

KAREEM PHILLIPS then the answering Defendant is entitled to recover the amount of such judgment from Defendant, CITY OF NEW YORK.

**WHEREFORE**, Defendant NEW YORK CITY POLICE OFFICER KAREEM PHILLIPS respectfully demands judgment against Plaintiff as follows:

(a)   Dismissing Plaintiff's Amended Complaint in its entirety;

(b)   Over and against Defendant, CITY OF NEW YORK for the amount of any judgment obtained against Defendant NEW YORK CITY POLICE OFFICER KAREEM PHILLIPS

(c)   Granting Defendant NEW YORK CITY POLICE OFFICER KAREEM PHILLIPS costs, disbursements, and expenses of the action, reasonable attorney's fees, and such other and further relief as this Court deems just and proper.

Dated: New York, New York
May 22, 2017

                                            Yours, etc.,

                                            _____/s/_____

                                            By: Douglas LaBarbera (DL 3880)
                                            WORTH, LONGWORTH & LONDON LLP
                                            *Attorneys for Defendant P.O. Phillips*
                                            111 John Street - Suite 640
                                            New York, New York   10038
                                            (212) 964-8038

TO:   **VIA ECF**

**Gabriel Paul Harvis**
Harvis & Fett LLP
305 Broadway
14th floor
New York, NY 10007
212-323-6880
Fax: 212-323-6881
Email: gharvis@civilrights.nyc

**Peter John Fogarty**
New York City Law Department
100 Church Street
New York, NY 10007
212-356-3514
Fax: 212-356-3558
Email: pfogarty@law.nyc.gov