UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

YORDY ARAGONEZ,

                                                  Plaintiff,

-against--

CITY OF NEW YORK, Police Officer KAREEM PHILLIPS, Shield No. 02555; WILSON MORALES; NARINE BHARAT; and JOHN AND JANE DOE 3 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious as the true names are presently unknown),

                                                  Defendants.

**ANSWER TO THE FIRST AMENDED FIRST AMENDED COMPLAINT ON BEHALF OF DEFENDANT CITY OF NEW YORK, MORALES & BHARAT**

16-CV-1794 (ARR) (CLP)

<u>JURY TRIAL DEMANDED</u>

------------------------------------------------------------------------ x

        Defendant City of New York ("City"), Wilson Morales, and Narine Bharat, by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for their answer to the First Amended Complaint, respectfully alleges, upon information and belief, as follows:

        1.     Deny the allegations set forth in paragraph "1" of the First Amended Complaint, except admit that plaintiff purports to proceed as stated therein.

        2.     Deny the allegations set forth in paragraph "2" of the First Amended Complaint, except admit that plaintiff purports to proceed as stated therein.

        3.     Deny the allegations set forth in paragraph "3" of the First Amended Complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

        4.     Deny the allegations set forth in paragraph "4" of the First Amended Complaint, except admit that plaintiff purports to base venue as stated therein.

5. Deny the allegations set forth in paragraph "5" of the First Amended Complaint, except admit that plaintiff purports to invoke the supplemental jurisdiction of the Court as stated therein.

6. Paragraph "6" of the First Amended Complaint is a request for trial by jury to which no response is required.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the First Amended Complaint.

8. Deny the allegations set forth in paragraph "8" of the First Amended Complaint, except admit that the City of New York is a municipal corporation duly incorporated under the laws of the State of New York and respectfully refer the Court to the New York City Charter and the New York City Administrative Code for a full recitation of the relationship between Defendant City and the New York City Police Department ("NYPD").

9. Deny the allegations set forth in paragraph "9" of the First Amended Complaint, except admit that, on or about December 21, 2015, Police Officer Kareem Phillips was employed by the New York City Police Department ("NYPD") and that plaintiff purports to sue P.O. Phillips as set forth therein.

10. Deny the allegations set forth in paragraph "10" of the First Amended Complaint, except admit that, on or about December 21, 2015, Wilson Morales was employed by the New York City Department of Education ("DOE") and that plaintiff purports to sue Morales as set forth therein.

11. Deny the allegations set forth in paragraph "11" of the First Amended Complaint, except admit that, on or about December 21, 2015, Narine Bharat was employed by the DOE and that plaintiff purports to sue Bharat as set forth therein.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the First Amended Complaint except admit only that plaintiff purports to sue John and Jane Doe 3 through 10 as set forth therein.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the First Amended Complaint except admit only that plaintiff purports to sue John and Jane Doe 3 through 10 as set forth therein.

14. Paragraph "14" of the First Amended Complaint contains only conclusions of law to which no response is required.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the First Amended Complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the First Amended Complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the First Amended Complaint, except admit that, upon information and belief, there was a large altercation at Progress High School on December 21, 2015, in which plaintiff was involved.

18. Deny the allegations set forth in paragraph "18" of the First Amended Complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the First Amended Complaint.

20. Deny the allegations set forth in paragraph "20" of the First Amended Complaint.

21. Deny the allegations set forth in paragraph "21" of the First Amended Complaint.

22. Deny the allegations set forth in paragraph "22" of the First Amended Complaint.

23. Deny the allegations set forth in paragraph "23" of the First Amended Complaint.

24. Deny the allegations set forth in paragraph "24" of the First Amended Complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the First Amended Complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the First Amended Complaint.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the First Amended Complaint.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the First Amended Complaint.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the First Amended Complaint.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the First Amended Complaint.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the First Amended Complaint, except admit only that plaintiff was issued a summons.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the First Amended Complaint.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the First Amended Complaint.

34. Deny the allegations set forth in paragraph "34" of the First Amended Complaint.

35. Deny the allegations set forth in paragraph "35" of the First Amended Complaint.

36. Deny the allegations set forth in paragraph "36" of the First Amended Complaint, except admit that a document purporting to be a Notice of Claim was received by the Comptroller's Office on or about January 8, 2016.

37. Deny the allegations set forth in paragraph "37" of the First Amended Complaint, except admit that the City has not adjusted or paid the purported claim.

38. Deny the allegations set forth in paragraph "38" of the First Amended Complaint, except admit only that this action was commenced on or about April 13, 2016.

39. Deny the allegations set forth in paragraph "39" of the First Amended Complaint.

40. In response to the allegations contained in paragraph "40" of the First Amended Complaint, defendants repeat and reallege the responses contained in the preceding paragraphs of this answer, as if fully set forth herein.

41. Deny the allegations set forth in paragraph "41" of the First Amended Complaint.

42. Deny the allegations set forth in paragraph "42" of the First Amended Complaint.

43. In response to the allegations set forth in paragraph "43" of the First Amended Complaint, defendants repeat and reallege the responses contained in the preceding paragraphs of this answer, as if fully set forth herein.

44. Deny the allegations set forth in paragraph "44" of the First Amended Complaint.

45. Deny the allegations set forth in paragraph "45" of the First Amended Complaint.

46. Deny the allegations set forth in paragraph "46" of the First Amended Complaint.

47. In response to the allegations set forth in paragraph "47" of the First Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

48. Deny the allegations set forth in paragraph "48" of the First Amended Complaint.

49. Deny the allegations set forth in paragraph "49" of the First Amended Complaint.

50. Deny the allegations set forth in paragraph "50" of the First Amended Complaint.

51. Deny the allegations set forth in paragraph "51" of the First Amended Complaint.

52. Deny the allegations set forth in paragraph "52" of the First Amended Complaint.

53. In response to the allegations set forth in paragraph "53" of the First Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

54. Deny the allegations set forth in paragraph "54" of the First Amended Complaint.

55. Deny the allegations set forth in paragraph "55" of the First Amended Complaint.

56. Deny the allegations set forth in paragraph "56" of the First Amended Complaint.

57. Deny the allegations set forth in paragraph "57" of the First Amended Complaint.

58. In response to the allegations set forth in paragraph "58" of the First Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

59. Deny the allegations set forth in paragraph "59" of the First Amended Complaint.

60. Deny the allegations set forth in paragraph "60" of the First Amended Complaint.

61. Deny the allegations set forth in paragraph "61" of the First Amended Complaint.

62. Deny the allegations set forth in paragraph "62" of the First Amended Complaint.

63. In response to the allegations set forth in paragraph "63" of the First Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

64. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "64" of the First Amended Complaint.

65. Deny the allegations set forth in paragraph "65" of the First Amended Complaint.

66. Deny the allegations set forth in paragraph "66" of the First Amended Complaint.

67. In response to the allegations set forth in paragraph "67" of the First Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

68. Deny the allegations set forth in paragraph "68" of the First Amended Complaint.

69. Deny the allegations set forth in paragraph "69" of the First Amended Complaint.

70. Deny the allegations set forth in paragraph "70" of the First Amended Complaint.

71. Deny the allegations set forth in paragraph "71" of the First Amended Complaint.

72. Deny the allegations set forth in paragraph "72" of the First Amended Complaint.

73. In response to the allegations set forth in paragraph "73" of the First Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

74. Deny the allegations set forth in paragraph "74" of the First Amended Complaint.

75. Deny the allegations set forth in paragraph "75" of the First Amended Complaint.

76. Deny the allegations set forth in paragraph "76" of the First Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE

77. The First Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

78. At all times relevant to the acts alleged in the First Amended Complaint, Defendant City of New York, its agents and officials, acted reasonably and properly in the lawful exercise of their discretion. Therefore, Defendant City is entitled to governmental immunity.

## THIRD AFFIRMATIVE DEFENSE

79. Any injury alleged to have been sustained resulted from Plaintiff's own culpable or negligent conduct or the culpable and negligent conduct of third parties and was not the proximate result of any act of the defendants.

### FOURTH AFFIRMATIVE DEFENSE

80. Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the States of New York or any political subdivision thereof.

### FIFTH AFFIRMATIVE DEFENSE

81. Punitive damages cannot be assessed against defendant City of New York.

### SIXTH AFFIRMATIVE DEFENSE

82. Plaintiff has failed to mitigate his alleged damages.

### SEVENTH AFFIRMATIVE DEFENSE

83. Plaintiff has failed to state a viable <u>Monell</u> claim under <u>Monell v. Dep't of Soc. Serv.</u>, 436 U.S. 658 (1978).

### EIGHTH AFFIRMATIVE DEFENSE

84. Plaintiff's claims may be barred, in part, by his failure to comply with New York General Municipal Law §§ 50(e), *et seq*.

### NINTH AFFIRMATIVE DEFENSE

85. Plaintiff's claims are barred in whole or in part, by the applicable statute of limitations.

### TENTH AFFIRMATIVE DEFENSE

86. Defendants Morales and Bharat have not violated any clearly established constitutional or statutory right of which a reasonable person would have known, and, therefore, are entitled to qualified immunity.

**ELEVENTH AFFIRMATIVE DEFENSE**

87.     At all times relevant to the acts alleged in the First Amended Complaint, Defendants Morales and Bharat acted reasonably in the proper and lawful exercise of their discretion.

**WHEREFORE,** defendants City of New York, Morales, and Bharat request judgment dismissing the First Amended Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:    New York, New York
          June 21, 2017

                                ZACHARY W. CARTER
                                Corporation Counsel of the
                                    City of New York
                                *Attorney for Defendant City of New York, Morales, and Bharat*
                                100 Church Street, Room 3-150
                                New York, New York 10007
                                (212) 356-3541

                            By:    _____/s/_____
                                    PERNELL M. TELFORT
                                    *Assistant Corporation Counsel*

TO:     **VIA ECF**
       Gabriel P. Harvis, Esq.
       Harvis & Fett LLP
       *Attorneys for Plaintiff*
       305 Broadway, 14th Floor
       New York, New York 10007

           -   and –

Douglas LaBarbera and Mitchell Garber, Esqs.
Worth, Longworth and London LLP
111 John Street, Suite 640
New York, New York 10038