

| ZACHARY W. CARTER<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | PERNELL TELFORT<br>*Assistant Corporation Counsel*<br>phone: (212) 356-3541<br>fax: (212) 356-3509<br>email: ptelfort@law.nyc.gov |
|---|---|---|

September 15, 2017

VIA ECF
Honorable Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:  Yordy Aragonez v. City of New York, et al.
               16-CV-1794 (ARR) (CLP)

Your Honor:

       I am an Assistant Corporation Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, and the attorney assigned to the above-referenced matter defendants City of New York ("City"), Wilson Morales, and Narine Bharat. Defendants respectfully write to oppose plaintiff's request to de-designate portions of the CCRB as non-confidential.

       On January 31, 2017, the parties agreed to and executed a Confidentiality Stipulation and Protective Order ("Confidentiality Stipulation"). The Confidentiality Stipulation expressly stated that CCRB investigative files are to be confidential. The Confidentiality Stipulation, however, exempted material that could be lawfully obtained by subpoena, a FOIL request or was otherwise publicly available. Plaintiff raised no objections at the time and in fact the parties executed and the City filed the stipulation with the Court that same day. On February 1, 2017, the Court endorsed the parties' Confidentiality Stipulation. Paragraph 2 of the Confidentiality Stipulation, provided that:

> "Confidential Materials" shall mean: (a) New York City Police Department ("NYPD") personnel and disciplinary-related records, and records of investigations regarding the conduct of Members of the Service of the NYPD conducted by the NYPD, the Civilian Complaint Review Board, or other agencies; … except that such documents and information shall not be designated "Confidential Materials" to the extent, and only to the extent, that they (i) are lawfully obtained by subpoena or pursuant to the New York Freedom of Information Law ("FOIL");  or (ii) are otherwise publicly available.

See Civil Court Docket Entry Number 28, ¶ 2.

On February 9, 2017, pursuant to the Confidentiality Stipulation, this Office produced the entire investigative file regarding this incident as confidential. On May 3, 2017, plaintiff challenged designation of the entire file for CCRB Investigation No. 201603528 as confidential. Plaintiff specifically challenged whether a letter written to plaintiff by CCRB, news clippings and the officers' memo books were confidential material. Defendants took the positions that it was the entire file we sought to keep confidential regardless of its content. At the June 23, 2017 status conference, plaintiff raised the issues of the confidentiality of CCRB's letter to plaintiff, news clippings, and officers' memo books. Defendants took the same position. The Court indicated that it did not view the memo books, CCRB letter to plaintiff and news clippings as confidential. As a compromise, defendants agreed in principle that certain portions of the file could be reproduced as non-confidential, namely the officers' memo books (which were previously produced) and the news clipping (which are publicly available). Plaintiff, however, now seeks to de-designate the entire CCRB investigative file except for "information that reflect non-party pedigree information or officer disciplinary or personnel information." See Civil Court Docket Entry Number 51.

Plaintiff claims that it was his understanding that the CCRB investigative file "would be subject to the presumptive public access ordinarily attending documents exchanged through discovery." Plaintiff's "understanding" is belied by the express terms of the Confidentiality Stipulation. Plaintiff is simply attempting to circumvent the plain meaning of the Confidentiality Stipulation. In addition, CCRB investigative files are confidential under New York State Law. See NYS Civil Rights Law § 50-a; see also DeLeon v. Pichardo, 2016 U.S. Dist. LEXIS 177582, *5 (S.D.N.Y. Dec. 12, 2016) ("Documents provided to CCRB by NYPD or created by CCRB … are by law police personnel records are therefore confidential pursuant to NYS Civil Rights Law § 50-a.").

Defendants produced the CCRB investigative file as confidential consistent with the Confidentiality Stipulation and New York State Law and this Office's past practice with disclosing police disciplinary records. Defendants recognize that there are individual documents within the investigative file that are not *per se* confidential. Defendants submit, however, that the entire file should remain confidential as it is efficient to produce the entire file as confidential rather than making a piecemeal assessment of each individual document within the investigative file. Plaintiff has access to all documents that are not *per se* confidential by other means. The letter sent to plaintiff by the CCRB is available to plaintiff and should be in his custody. The news articles are easily accessible from the media sources without the need to de-designate them from the file. As to the officers' memo books, the documents can be produced independent of the investigative file, from the NYPD, the individual police officer and/or the District Attorney's office. Thus, plaintiff is not prejudiced in any way by keeping the CCRB investigative file intact as confidential.

Defendants do not believe that the accessibility of certain documents by other means diminishes them from being classified as confidential as the intention was to designate the entire file as confidential regardless of its content. While considering plaintiff's application, defendants urges the Court to consider the practical implications of plaintiff's request vis-à-vis the hundreds of other files plaintiff's counsel will seek in the many cases his firm files with the City. Piecemeal de-designation is not an efficient use of time or resources, particularly when the

documents can be obtained through other means. Lastly, de-designation of the entire file would be contrary to the parties' agreement and allows plaintiff the ability to make CCRB documents public, which is contrary to New York State law. See NYS Civil Rights Law § 50-b.

Plaintiff's reliance on Schiller v. City of New York, 04 CV 7921 (KCK) (JCF) (S.D.N.Y. Jan. 19, 2017) for the proposition that defendants improperly designated the entire CCRB investigative file as confidential is misplaced. Unlike Schiller, defendants here did not make a unilateral decision to designate the CCRB investigative file as confidential. The Confidentiality Stipulation specifically classified CCRB records as confidential. In addition, the Court held that the City did not have good cause to maintain the confidentiality of the contested material in Shiller because the City had previously waived privilege in a companion case. Here, there is good cause to maintain the confidentiality of the CCRB files (See NYS Civil Rights Law § 50-a) and plaintiff affirmatively agreed to keep the CCRB file confidential (Civil Court Docket Entry Number 28 at ¶ 2).

For the foregoing reasons, defendants respectfully request that the Court maintain the confidentiality of the CCRB investigative files.

Thank you for your consideration of this regard.

Respectfully submitted,

/s/ *Pernell Telfort*

PERNELL M. TELFORT
Assistant Corporation Counsel
Special Federal Litigation Division

To:     **VIA ECF**
Gabriel P. Harvis
Harvis & Fett
305 Broadway, 14th Street
New York, New York 10007

Douglas LaBarbera
Worth, Longworth, & London, LLP
111 John Street, Suite 640
New York, New York, 10038